UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| **PETER TINKHAM et al.,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| v. | )  No. 1:12-cv-00229-GZS |
| | ) |
| **LAURA PERRY et al.,** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

### ORDER REGARDING PLAINTIFFS' JUNE 17, 2013 NOTICE OF APPEAL

A court of appeals may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders not applicable here.  See 28 U.S.C. § 1292.  A district court's decision dismissing fewer than all of the defendants in a case where the plaintiff has sued multiple parties is ordinarily not a final, appealable judgment unless the district court expressly certifies judgment against the dismissed defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 54(b);  Barrett ex rel. Estate of Barrett v. U.S., 462 F.3d 28, 32 (1st Cir. 2006). Here, the Court has not directed the entry of final judgment with respect to the claims against Nina Perry or L. Clinton Boothby, the defendants that were dismissed pursuant to the Court's Orders on May 14, 2013 and June 5, 2013 (ECF Nos. 92 & 97), which Plaintiffs have indicated they wish to appeal.  Therefore, these Orders are not appealable final orders and Plaintiffs' current attempt to appeal the same does not place this case within the immediate jurisdiction of the First Circuit.  See Fed. R. App. P. 4(a)(2)  ("A notice of appeal filed after the court announces a decision or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry.")

As a result, the Court concludes that it retains jurisdiction over this matter despite Plaintiff's June 17, 2013 Notice of Appeal (ECF No. 98).  See United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998) ("[A] district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case.")  Therefore, the Court will proceed with the previously scheduled Rule 56H conference on Friday, June 21, 2013 at 9:00 a.m.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 18th day of June, 2013.