UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| **PETER TINKHAM et al.,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| v. ) | No. 1:12-cv-00229-GZS |
| ) | |
| **LAURA PERRY et al.,** ) | |
| ) | |
| **Defendants** ) | |

**ORDER**

**RE:  ORDER TO SHOW CAUSE (ECF No. 103) & MOTION IN LIMINE (ECF No. 106)**

On June 21, 2013, the Court entered an Order to Show Cause ordering Plaintiffs to explain their failure to appear for the Rule 56H Conference that previously had been scheduled for the same day.

On June 24, 2013, the Clerk received and docketed a letter from Plaintiffs dated June 21, 2013 (ECF No. 105) and Plaintiffs' Motion in Limine (ECF No. 106).  It is clear that Plaintiffs drafted and mailed these documents prior to receiving the Court's June 21, 2013 Order to Show Cause but after having received and reviewed the Court's Order Regarding Plaintiffs' June 17, 2013 Notice of Appeal (ECF No. 99), in which the Court found that it retained jurisdiction over the remaining parts of this case and would proceed with the previously scheduled June 21, 2013 conference.  Plaintiffs' June 24th filings indicate that they received the Court's June 17th Order via mail on June 20th and that, prior to receiving the June 17th Order, they had assumed that their June 17, 2013 Notice of Appeal had resulted in the canceling of the June 21, 2013 Conference.

On July 8, 2013, the Clerk received and docketed Plaintiff's Motion to Show Cause (ECF No. 108), which Plaintiffs apparently drafted in response to receiving the Court's June 21st Order to Show Cause.  In this filing, Plaintiffs argue that the Court was under an obligation to "electronically alert" them that the June 21st conference would be held despite their June 17, 2013 Notice of Appeal and that they attempted to timely notify the Court of their "non-appearance" by seeking to transmit Plaintiffs' Motion in Limine (ECF No. 106 & ECF No. 108-1) to the Clerk via fax or email at 7:45 AM on June 21, 2013.

The Court notes that it has also received: (1) Defendant's Laura Perry's Accounting of Costs (ECF No. 107), in which Attorney Edward Dilworth details expenditures totaling $984.80 to prepare and attend the June 21st Conference, and (2) Defendant Alan Perry's Accounting of Costs (ECF No. 104), in which Attorney Wendell Large details expenditures totaling $874 to prepare and attend the June 21st Conference.

Having considered all of these filings, the Court does not believe that Plaintiffs have established good cause for their failure to appear on June 21, 2013. The Court notes that Plaintiffs were mailed the Procedural Order (ECF No. 93) setting the June 21, 2013 Conference on May 15, 2013. Absent receipt of an order cancelling or rescheduling the conference, Plaintiffs were not entitled to simply assume the June 21st conference was canceled based on their June 15, 2013 mailing of a notice of appeal, along with a cover letter indicating that they would not appear for the conference based on their assumption of a stay "by reason of the prospective appeal" (ECF No. 98 & 98-1). At minimum, Plaintiffs should have filed a motion seeking to have the conference stayed or re-set. Additionally, Plaintiffs could have contacted the Clerk's Office to ask whether they were still required to appear on June 21, 2013 in light of their mailing, which the Court received and docketed on June 17, 2013. Instead, Plaintiffs simply chose not to appear for a court-ordered hearing. Absent an unforeseen emergency, contacting the Court by phone, fax or email less than two hours prior to a hearing to indicate one's "non-attendance" is not a reflection of due diligence or compliance with the Court's orders. The Court further notes that it does not appear that Plaintiffs made any independent effort to contact opposing counsel to indicate that they would not appear for the June 21st conference.

In light of Plaintiff's pro se status and having reviewing all of the filings made by Plaintiffs, the Court will proceed to reschedule the Rule 56H Conference and the Clerk is directed to set the conference for **July 31, 2013 at 2 PM**.

Given this rescheduling, the Court concludes that the appropriate sanction for Plaintiffs' failure to appear on June 21, 2013 is to award costs to both defense counsel in connection with their actual appearance at the conference (but not for preparation). Thus, Plaintiffs are hereby ORDERED to pay Attorney Edward Dilworth a total of $171.80 and to pay Attorney Wendell Large a total of $95. These payments shall be mailed by August 12, 2013. These amounts reflect fees for one half of an hour, which is the amount of time each attorney reasonably spent traveling to the courthouse and attending the conference on June 21, 2013. Additionally, the

amount awarded to Attorney Dilworth includes $58.80 in out-of-pocket travel costs associated with traveling from Norway to Portland on June 21, 2013.

If Plaintiffs choose to withdraw their Notice of Intent to File Summary Judgment (ECF No. 69) and the previously filed Plaintiff's Motion for Summary Judgment (ECF No. 62), the Court will cancel the rescheduled Rule 56H Conference and issue a scheduling order for this matter.  However, in the absence of a Court notice canceling the conference, **Plaintiffs are hereby notified that failure to appear for the rescheduled Rule 56H Conference will result in the Court summarily denying the previously filed Plaintiff's Motion for Summary Judgment (ECF No. 62) and may result in additional sanctions.**

To the extent that Plaintiffs have expressed a desire to electronically file documents with the Court, the Court notes that pro se parties may register for electronic filing at no cost by completing the ECF Registration Form for Pro Se Filers available on the Court's website: http://www.med.uscourts.gov/ecf-registration

Upon Plaintiffs' payment of $171.80 to Attorney Edward Dilworth and $95 to Attorney Wendell Large, the Court's June 21, 2013 Order to Show Cause (ECF No. 103) shall be DISMISSED.  Defense counsel shall notify the Court if payment of these amounts is not received by August 16, 2013.

To the extent that Plaintiffs' Motion in Limine (ECF No. 106) can be read as requesting an unlimited stay of the Rule 56H Conference and/or a transfer of venue, the Motion is DENIED. To the extent that Plaintiffs' Motion in Limine (ECF No. 106) can be read as requesting a partial final judgment, the Motion is DENIED WITHOUT PREJUDICE to Plaintiffs filing a proper motion under Federal Rule of Civil Procedure 54(b) and proffering why there is no just reason for delay in accordance with this Rule.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 11th day of July, 2013.