UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| **PETER TINKHAM et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    No. 1:12-cv-00229-GZS |
| | ) |
| **LAURA PERRY et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER OF DISMISSAL**

Before this Court are Plaintiffs' Motion for Clarification (ECF No. 125) and the Court's June 21, 2013 Order to Show Cause (ECF No. 103). Additionally, Plaintiffs' Motion for Summary Judgment (ECF No. 62) remains pending on the docket.[1]

First, the Motion for Clarification is GRANTED IN PART and DENIED IN PART. To be clear, despite the title of this Motion, Plaintiffs do not appear to need any portion of the Court's September 17, 2013 Order (ECF No. 124) clarified. Rather, the Motion simply re-iterates that Plaintiffs consider the Court's sanction "unjust" and their belief that they have good cause for their earlier failure to appear. Additionally, Plaintiffs reassert that if the sanction must be paid, the Court should charge the full amount to their credit card and hold it in escrow while they appeal the Court's earlier orders. The Court notes that its September 17, 2013 Order explicitly stated: "the Court will not act as the escrow agent or payment agent for the amounts owed to Attorney Edward Dilworth ($171.80) and Attorney Wendell Large ($95). Rather, the Court hereby ORDERS that **no later than October 1, 2013**, Plaintiffs shall finalize an acceptable means of payment directly with both counsel." Plaintiffs have failed to comply with

---

[1] This motion is not fully briefed as a result of delays caused by Plaintiffs' failure to comply with prior orders.

this clear directive and both attorneys have notified the Court that they have not received payment as of October 8, 2013 (ECF Nos. 126 & 127). Additionally, Attorney Dilworth indicates that Plaintiffs have not even contacted him about the payment and Attorney Large indicates that Plaintiffs have refused to provide requested paper discovery.

To the extent that Plaintiffs' Motion for Clarification indicates it is "impossible" for Plaintiffs to comply with the sanction order because of a lack the funds, the Court simply does not find these assertions credible. Having reviewed Plaintiffs' prior *in forma pauperis* affidavits (ECF Nos. 55 & 110-1), it is apparent that Plaintiffs have the ability to pay $266.80 given their available income and credit. Notably, the Court did limit the amount of sanctions originally ordered in part to reflect the Court's assessment of Plaintiffs' ability to pay. Nonetheless, the sanction awarded also reflected the Court's conclusion that Plaintiffs deliberately and willfully failed to appear for a conference with the Court and made no timely effort to notify the Court or opposing counsel that they would not appear. Despite having been ordered to pay the $266.80 sanction on July 11, 2013, Plaintiffs have refused to comply and instead have made repeated meritless filings designed to delay compliance with the Court's sanction order. In their latest filing, Plaintiffs essentially issue this Court an ultimatum: act as their escrow agent or dismiss their remaining claims so that they may appeal a final judgment. The Court will grant the latter of these two requests.

Turning to Plaintiffs' Motion for Summary Judgment, the Motion is hereby summarily DENIED. Having reviewed Plaintiffs' filings in support of summary judgment, the Court concludes that the materials submitted in connection with the Plaintiffs' Motion do not establish that Plaintiffs are entitled to judgment as a matter of law on their remaining claims of fraud, intentional infliction of emotional distress, and breach of a fiduciary duty against Alan Perry and

Laura Perry. While the Court is not in a position to state any opinion on the ultimate merits of these remaining claims, particularly when discovery has not been completed, the docket should reflect that to-date the Court not reached the merits because Plaintiffs have engaged in a variety of unproductive litigation tactics, including making frivolous filings. (See July 11, 2013 Order (ECF No. 115).)

Pursuant to Federal Rules of Civil Procedure 16(f) & 41(a)(2)&(b) and this Court's Orders to Show Cause (ECF Nos. 103, 112, 122 & 124) and in accordance with the alternative relief sought via Plaintiffs' Motion for Clarification, the remaining claims in this case are hereby DISMISSED with prejudice. The Clerk is hereby directed to enter final judgment.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 10th day of October, 2013.