UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PETER TINKHAM, <br> JULIET B. ALEXANDER, <br><br> Plaintiffs <br><br> v. <br><br> LAURA PERRY, et al., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) 1:12-cv-00229-GZS <br> ) <br> ) <br> ) <br> ) |

**REPORT OF TELEPHONE CONFERENCE AND
ORDER RE: MOTION TO COMPEL
(ECF NO. 143)**

I held a telephone conference in Bangor, Maine, on Friday, December 13, 2013, at 9:00 a.m., with the following persons participating:

Peter Tinkham and Juliet B. Alexander, Counterclaim Defendants

Edward L. Dilworth, III, Esq. for Counterclaim Plaintiff Laura Perry

In accordance with District of Maine Local Rule 26(b) counsel for counterclaim plaintiff Laura Perry notified the court that a discovery dispute had risen over the location and manner of the deposition of Laura Perry which had been noticed to take place on December 18, 2013. Because of the need to expedite a decision on this issue prior to the December 18th deadline, I issued a procedural order that same day, December 4, 2013. (See ECF No. 140.) Recognizing that the counterclaim defendants would be notified by United States mail, I set a telephone conference for over a week later, advising the parties of their duty to conference concerning the dispute prior to the scheduled telephone conference. On December 9, 2013, the counterclaim defendants filed a discovery related motion to compel (ECF No. 143) without first obtaining prior approval from a judicial officer. The motion to compel addressed the identical issue

already scheduled for telephone conference on December 13, 2013, the location and manner of the Laura Perry deposition. I ordered that the counterclaim plaintiff's written response to the motion to compel, if she chose to file one, was due by the close of business on December 12, 2013, and no further written submissions were allowed. Counterclaim plaintiff had previously been ordered (See ECF No. 140) to arrange for the December 13th conference call and provide the court and all parties with the necessary information regarding a call-in number. Counsel for Laura Perry has verified that the call-in number and access code was sent to both Tinkham and Alexander by United States postal service on December 5, 2013.

At the telephone conference, Tinkham and Alexander agreed that the deposition could be continued to early January 2014 in light of impending snowstorms and other events. They also indicated that they would travel to Florida to take the deposition IF Laura Perry paid all of their costs. Counsel for Laura Perry reiterated his request for a protective order in the form of written interrogatories based upon his client's age, the winter weather, the familial animosity that permeates the case, and unverified health concerns attendant to Laura Perry's advanced years, being 91 years of age. I listened to the arguments of all parties, and pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, authorizing depositions by remote means, I am ordering that the deposition of Laura Perry will take place subject to the following protective measures:

1.) The deposition noticed for December 18, 2013, in Massachusetts is cancelled;

2.) The deposition shall be rescheduled for early January 2014 at a mutually convenient time;

3.) The deposition will take place in Florida and Perry and Tinkham may attend personally at their own expense;

2

4.) If Alexander and Tinkham do not elect to attend personally, the deposition shall take place by remote means, which can include an internet protocol such as Skype or Facetime or simply through a telephone, at the election of Tinkham or Alexander;

5.) Laura Perry shall bear the cost of arranging for the preservation of her testimony on videotape through the presence of professional videotaping services at the deposition in Florida if Tinkham and Alexander do not personally attend and the deposition is conducted through remote means;

6.) Tinkham and Perry must arrange to have a court reporter present to record Perry's testimony by stenographic means and conduct the deposition within the meaning of Rule 30(b)(5) and they shall bear that cost whether they attend personally in Florida or conduct the deposition through a remote means. Rule 30(b)(3)(A).

7.) In no event may the length of the deposition exceed 4 hours, Rule 30(d)(1), given the age of the deponent and the nature of the case, three hours less than the maximum allowed in any event.

Based on the foregoing, the entry on the pending Motion to Compel (ECF No. 143) will be denied in part and granted in part. Laura Perry's request for a protective order is granted in part.

### CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
December 13, 2013          /s/ Margaret J. Kravchuk
                           U.S. Magistrate Judge