UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER TINKHAM AND JULIET B. ALEXANDER, | ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | 1:12-cv-00229-GZS |
| LAURA PERRY, | ) ) ) | |
| Defendant and Counterclaim Plaintiff. | ) ) | |

**MEMORANDUM OF DECISION ON COUNTERCLAIM PLAINTIFF'S MOTION FOR ATTACHMENT AND TRUSTEE PROCESS**

Laura Perry is pursuing a counterclaim against Peter Tinkham and Juliet Alexander based on a $90,000.00 promissory note allegedly signed by Tinkham and Alexander in 1995. Tinkham and Alexander deny the allegations related to the counterclaim and maintain that the action on the note is a fraud. (Counterclaim, ECF No. 36; Answer to Counterclaim, ECF No. 46.) Perry filed a motion for attachment and trustee process (ECF No. 141) on December 6, 2013, which the Court referred for disposition. Perry requests attachment in the amount of $218,400.00, based on 8% interest and an assertion that Tinkham and Alexander have never made a payment in 18 years. The motion is denied.

**Applicable Legal Standards**

In accordance with Rule 64 of the Federal Rules of Civil Procedure and Local Rule 64, this court looks to Maine law and procedure in adjudicating a motion for attachment or trustee process. The plaintiff must show that it is more likely than not that it will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the

attachment or trustee process plus any insurance, bond or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment. Me. R. Civ. P. 4A(c)(g), 4B(c)(i). A motion for attachment or trustee process must be accompanied by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true." Me. R. Civ. P. 4A(i), 4B(c).

In making the determination of whether the plaintiff is more likely than not to recover judgment in an amount equal to or greater than the amount of the attachment sought, the court should assess the merits of the complaint and the weight and credibility of the supporting affidavits. Plourde v. Plourde, 678 A.2d 1032, 1035 (Me. 1996).

Maine trial courts are particularly unwilling to approve prejudgment attachments when the affidavits make clear that the merits of the dispute can only be resolved by a credibility assessment. See, e.g., Parkinson v. Milan Indus., Inc., No. CV-01-300, 2001 Me. Super. LEXIS 101, 2001 WL 1708837 (Me. Super. Ct., Cum. Cty., Oct. 23, 2001) (Mills, J.). Arguments of counsel or pro se parties cannot substitute for the required sworn statements necessary to support and oppose a motion for attachment. Wilson v. DelPapa, 634 A.2d 1252, 1254 (Me. 1993).

**Factual Assertions**

This case involves a dispute over a piece of realty in the Town of Weld, Maine. According to Perry, she conveyed the property to the Juniper Maine Realty Trust and received a $90,000 promissory note and mortgage in return. She attests that she never received a single payment and that Alexander and Tinkham refuse to repay the "loan." (Affidavit of Laura Perry,

2

ECF No. 141-1.) Attached to the Perry Affidavit is a promissory note purportedly executed by Alexander and Tinkham. (ECF No. 142.)

Alexander and Tinkham belatedly opposed the motion for attachment and trustee process on January 6, 2014. (ECF No. 158.) In their response they complain of maintaining the property over the years and paying the taxes. (Id. ¶ 10.a.) They also assert that the note and related documents are forgeries. (Id. ¶ 10.c, and "argument" section.) It is not clear whether they maintain that the deed to Juniper Maine Realty Trust was also a forgery, but they maintain that Perry has "complicity in falsely obtaining Juliet Alexander's notary attestation on the deed." (Id. at p.4.) None of these representations is offered under oath or penalty of perjury. Alexander has supplied an affidavit previously, however, in which she attests that Tinkham, her husband, offered to purchase the Weld property in 2002. (Affidavit of Juliet Alexander ¶ 33, ECF No. 17.) That affidavit suggests that Alexander and Tinkham do not believe they hold valid title to the Weld property (through the trust or otherwise) and that Perry simply sought to have Alexander and Tinkham bear the carrying costs of the Weld property since 1995 as an incident of some status they would gain under the trust. Alexander attests that she came to understand that her brother Alan Perry maintained the trust paperwork and likely modified it on one or more occasions. Alexander swears that she expected that the trust existed for the primary purpose of hiding the property from her father, counterclaim plaintiff's husband, whose money was used to acquire the property. Based on Alexander's affidavit, it appears that Tinkham maintained the property over the years, that Tinkham and Alexander hoped it would be conveyed to them in recognition of Tinkham's labors and expenditures, that other family members had other ideas, and that Alan Perry presented them in 2011 with the instruments that underlie the counterclaim in this case and with a threatening letter from an attorney demanding over $200,000, evidently

with the intention of disabusing Alexander and Tinkham of the idea that they could take the property free and clear or that Laura Perry or the family somehow needed to reimburse them for years of upkeep and tax payments. (Id. ¶¶ 52-67.)

**Discussion**

Given the peculiar nature of this family dispute over a camp property and the uncertain facts concerning the origin of the instrument in question, I cannot find at this time, based on the existing affidavits, that the counterclaim plaintiff is more likely than not to recover judgment in an amount equal to or greater than $218,400.00. The actual case, at this juncture, appears to be a swearing contest among family members about whether or not the note in question was ever actually executed. In making her presentation seeking attachment or trustee process Laura Perry's twelve paragraph affidavit (ECF No. 141-1) has obfuscated more than clarified the issues, offering no explanation why Alexander and Tinkham would sign a note for $90,000.00 with 8% interest in connection with a property in which they may own no beneficial interest. Perry has not averred that she ever actually loaned $90,000.00 in cash to either Tinkham or Alexander or anyone else. Nor has she explained the genesis of this trust and the beneficial owners of the trust. Nor has Perry offered any explanation as to why 18 years went by without any demand for payment being made. Nor does she claim to have ever deeded the property to them or to a trust in which one or both of them might hold a beneficial interest. There are just too many unanswered questions at this juncture for me to find that it is more likely than not that the counterclaim plaintiff will recover on this note. I simply do not know the likely outcome of this case, but it does appear that Perry's interest in the note is secured in some fashion because she does hold a mortgage on the camp property (even though she has not elected to foreclose on that mortgage) and therefore I see no reason to grant this motion.

## Conclusion

The motion for attachment and trustee process is DENIED.

***So Ordered.***

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 9, 2014