UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PETER TINKHAM & JULIET ALEXANDER, | ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) ) Docket no. 1:12-cv-229-GZS |
| v. | ) ) |
| LAURA A. PERRY, | ) ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

**ORDER ON PENDING MOTIONS & ORDER TO SHOW CAUSE**

Before the Court are two motions by *pro se* Counterclaim Defendants Peter Tinkham & Juliet Alexander (together, "Counterclaims Defendants"): (1) the Motion for Summary Judgment (ECF No. 249) and (2) the Motion for Clarification (ECF No. 260). For reasons explained herein, the Court DENIES the Motion for Summary Judgment and GRANTS IN PART AND DENIES IN PART the Motion for Clarification.

**I.   STANDARD OF REVIEW**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material

fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida–Gonzalez v. Tirado–Delgado, 990 F.2d 701, 703 (1st Cir. 1993) (citing Anderson, 477 U.S. at 248) (additional citation omitted).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

Once the moving party has made this preliminary showing, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); see also Fed. R. Civ. P. 56(e). "Mere allegations, or conjecture unsupported in the record, are insufficient." Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011) (quoting Rivera–Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993)); see also Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011) ("A properly supported summary judgment motion cannot be defeated by conclusory allegations, improbable inferences, periphrastic circumlocutions, or rank speculation." (citations omitted)). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (quoting In re Ralar Distribs., Inc., 4 F.3d 62, 67 (1st Cir. 1993)).

In this District, Local Rule 56 provides an explicit procedure for queuing up the factual record in connection with a motion for summary judgment. *Pro se* parties are not as a rule excused

from complying with District of Maine Local Rule 56.  See Ruiz Rivera v. Riley, 209 F.3d 24, 27–28 & n. 2 (1st Cir. 2000) (noting that the First Circuit has "held consistently that *pro se* status does not free a litigant in a civil case of the obligation to comply with" a district court's procedural rules); see also Lacadie v. Milford, Civ. No. 07–101–BW, 2008 WL 1930410, at *6 n. 8 (D. Me. May 1, 2008) ("Courts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff[']s case.") (citation omitted). Nevertheless, in certain cases, the Court has approached summary judgment disputes involving a *pro se* party with some leniency.  See, e.g., Clarke v. Blais, 473 F. Supp. 2d 124, 128–30 (D. Me. 2007); Demmons v. Tritch, 484 F. Supp. 2d 177, 183–84 (D. Me. 2007).  In the context of this case, where the outcome remains the same regardless, the Court has accorded Counterclaim Defendants' *pro se* filing the significant latitude in the following recitation of undisputed material facts.[1]

## II.   FACTUAL BACKGROUND

To be clear, almost all of the material facts in this case are disputed.  The parties agree that at the center of their dispute is a cottage located on Lake Webb in Weld, Maine (hereinafter the "Weld Cottage").  Counterclaim Plaintiff Laura Perry purchased the Weld Cottage in the 1980s.  Juliet Alexander is one of Laura Perry's children.  Alan Perry, an attorney, is another child of Laura Perry and brother to Juliet Alexander.  Alan Perry served as trustee of the Perry Family

---

[1] To be clear, Counterclaim Defendants failed to comply with Local Rule 56(f) in any way.  While they did submit a separate "concise statement of uncontested material" consisting of thirty numbered paragraphs (ECF No. 250 at Page ID # 1215-1220). followed by a "Rule 37 concise statement of uncontested facts" consisting of thirty numbered paragraphs (ECF No. 250 at Page ID # 1222-1228), none of these numbered paragraphs contain any citation that would assist the Court in its review of the more than 100 pages of "record" that is attached at ECF Nos. 250-1 – 250-8.)  This failure alone would serve as an independent basis to deny the pending Motion for Summary Judgment.  See D. Me. L.R. 56(f) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").

Trust, which held title to the Weld Cottage after it was purchased by Laura Perry. All of Laura Perry's children were named as beneficiaries of the Perry Family Trust. The parties dispute how much each of the Perry children and their respective families used the Weld Cottage when it was held by the Perry Family Trust.

Viewing the facts in the light most favorable to the non-moving party, here Counterclaim Plaintiff Laura Perry, it appears that Laura Perry in fact has trialworthy evidence that she agreed to sell the Weld Cottage to her daughter, Juliet Alexander, for $90,000 in late 1995. Thereafter, Alan Perry, based on the directions he received from his mother, drafted a deed, promissory note and mortgage. At the core of this dispute is whether Juliet Alexander in fact executed these documents in some form and purchased the Weld Cottage. In the filings made in connection with the pending motion, Juliet Alexander and Peter Tinkham, her husband and Co-Counterclaim Defendant, assert the signatures on these documents were forged and that the documents are otherwise legally insufficient to form a contract for the purchase of the Weld Cottage for $90,000. The Court notes that a copy of the $90,0000 Promissory Note, dated December 7, 1995, that was allegedly executed by both Counterclaim Defendants is attached as Exhibit A to Laura Perry's Counterclaim (ECF No. 36-1 or ECF No. 250-7). A copy of the mortgage (ECF No. 250-6), which contains only the signature of Juliet Alexander, was also submitted in connection with the pending motion.

## III. DISCUSSION

Counterclaim Plaintiff Laura Perry has two claims presently pending in this case: (1) Breach of Promissory Note and (2) Breach of Contract. Both claims seek to recover monies allegedly owed in connection with the purchase of the Weld Cottage by Alexander and Tinkham. The pending motion suggests these claims must fail for a variety of reasons including lack of

consideration, lack of a bargained exchange, no intent to be bound, no acceptance, no performance, no certainty of terms, no good faith or fair dealing and the alleged contracts are void as a matter of public policy.

On the record now before the Court, there is simply no basis for this Court to grant summary judgment to the Counterclaim Defendants on any of these asserted bases. Rather, the Court finds that there is ample trialworthy evidence regarding both of Laura Perry's claims. In short, the vastly different versions of the facts presented by the opposing parties would require any fact finder to assess the credibility of the family members involved in this dispute. Therefore, the Motion for Summary Judgment must be denied.

Turning to the Motion for Clarification, it appears that the Counterclaim Defendants are understandably confused by the fact that the claims that Laura Perry continues to press in this case are also simultaneously being pressed in a case titled, *Alan Perry et al. v. Juliet Alexander & Peter Tinkham*, D. Me. Docket No. 1:14-cv-445. In that case, the same claims for breach of contract and breach of promissory note are pressed by Alan Perry as well as Laura Perry. (See Am. Compl. (ECF No. 3-2 in D. Me. Docket No. 1:14-cv-445) ¶¶ 47-57.) Additionally, acting as plaintiffs, Laura Perry, Alan Perry and Nina Perry press claims for defamation, malicious prosecution, fraudulent transfer and foreclosure of the Weld Cottage. These seven claims were filed as an amended complaint, dated May 23, 2014, but apparently filed in Maine Superior Court in August 2014. Juliet Alexander and Peter Tinkham removed this 2014 complaint to this Court on November 3, 2014. Alan Perry, Laura Perry and Nina Perry then filed a motion to remand the case back to state court on November 14, 2014. (See generally Mot. to Remand (ECF No. 5 in D. Me. Docket No. 1:14-cv-445).) This motion to remand was granted and the case of *Alan Perry et al. v. Juliet Alexander & Peter Tinkham*, D. Me Docket No. 1:14-cv-445, was remanded to Oxford

County Superior Court no later than March 19, 2015.  The Court notes that this remand occurred after the briefing on the summary judgment motion in this case was complete.

Despite a response deadline of April 22, 2015, Laura Perry filed no response to the Motion for Clarification, which Tinkham and Alexander filed on April 1, 2015 in both this case and the remanded case.  Perry's silence leaves this Court with no information as to the status of the remanded state case or any explanation as to how or why Laura Perry intends to simultaneously press the counterclaims pending here as well as Count VI and VII of her amended complaint now before Maine Superior Court.  However, it appears that Count VI & VII state claims that are identical to the two pending counterclaims albeit with Alan Perry added as an additional plaintiff.

Therefore, the Court hereby ORDERS Counterclaim Plaintiff Laura Perry to show good cause why her two pending counterclaims should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  So long as Counterclaim Plaintiff Laura Perry can pursue the relief sought via the two pending counterclaims in the remanded state case, it would appear that a dismissal without prejudice of the remaining counterclaims here would conserve the resources of the courts and the parties while ensuring that the parties do not end up with inconsistent judgments.  Counterclaim Plaintiff Laura Perry shall file her response to this Order to Show Cause within 14 days of this Order.  If Counterclaim Plaintiff does not consent to the Court's proposed dismissal without prejudice, she shall indicate what other deadlines need to be set in order to bring this case to a swift resolution.  Counterclaim Defendants need not reply but the Court will consider any reply that is mailed within 14 days of the filing of the response required by this Order.

## IV. CONCLUSION

For reasons just given, the Court hereby DENIES the Counterclaim Defendant's Motion for Summary Judgment and GRANTS IN PART and DENIES IN PART the Motion for Clarification.

The Court will await the parties' responses to the Order to Show Cause included herein before setting any further deadlines or placing this matter on a trial list.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 5th day of May, 2015.