UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PETER TINKHAM & JULIET ALEXANDER,  )<br>  )<br>  Plaintiffs & Counterclaim Defendants,  )<br>  )<br>v.  )<br>  )<br>LAURA PERRY,  )<br>  )<br>  )<br>  Defendant & Counterclaim Plaintiff.  ) | Docket no. 1:12-cv-229-GZS |

**ORDER ON PENDING MOTION**

Before the Court is a motion titled, "Motion to Produce Accountability by the Court and the Court's Clerk" (ECF No. 266) by Counterclaim Defendants Peter Tinkham and Juliet Alexander (hereinafter, "Defendants"). As explained herein, the Motion is GRANTED IN PART & DENIED IN PART.

To the extent the Court reads the pending motion as seeking electronic notification of docket items, the Court does provide such electronic notification to any pro se party registered with the Court's ECF system. The Court hereby directs the Clerk to mail Defendants two blank ECF Registration Form for Pro Se Filers along with this Order. The Court notes that once ECF registration is processed and complete, the individual receives immediate notification of any docket entry at the designated email address and the system produces a record of the emails sent. In exchange for this service, individuals must consent to receiving only electronic notifications and also agree that they will deliver all filings to the court via e-mail. If one or both of the Defendants choose to file an ECF Registration Form, that Defendant thereafter will receive electronic notices of all docket activity in this case.

To the extent that the pending Motion asks this Court to provide email notification to Defendants in addition to notice via U.S. mail at potentially two different mailing addresses, the Court DENIES that request.  The only method under which any party can be notified of filings and orders electronically is via the ECF registration process.  Once a party files for ECF registration, they agree that they will receive only electronic notifications and no separate paper notices are mailed.  The Court acknowledges that it has limited ability to track papers sent via U.S. mail. Thus, to the extent Defendants seek "a more compelling and provable method" of accounting for delivery of docket items, the Court suggests that ECF registration is the sole remedy available.

The Court notes that the pending motion apparently was mailed to the Court on June 11, 2015 prior to the Defendants receiving via mail the Court's June 9th endorsement order (ECF No. 265).  While this delay exemplifies the problems with paper mailed notices, neither the pending motion, nor this Order provide any basis for lifting the stay entered as of June 9, 2015.  Therefore, the case shall remain STAYED until December 1, 2015 at which time the Court will review any status reports received and determine whether this matter needs to be set for trial.  The stay provides Defendants ample time to review and register for the ECF registration system should they choose to do so.

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 17th day of June, 2015.