# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALAN PERRY, et al.,              )<br>                                                   )<br>               Plaintiffs,            )<br>                                                   )<br>v.                                               )<br>                                                   )<br>JULIET B. ALEXANDER, et al.,  )<br>                                                   )<br>                                                   )<br>               Defendants.          )  | Docket no. 2:15-cv-310-GZS |
| PETER TINKHAM, et al.,         )<br>                                                   )<br>               Plaintiffs,            )<br>                                                   )<br>v.                                               )<br>                                                   )<br>LAURA PERRY,                       )<br>                                                   )<br>               Defendant.           )<br>                                                   ) | Docket no. 1:12-cv-229-GZS |

## ORDER CONSOLIDATING CASES

Before the Court is the Motion to Continue Trial, to Correct Order and to Consolidate Cases by Peter Tinkham and Juliet Alexander (ECF No. 279 in Docket No. 1:12-cv-229-GZS & ECF No. 34 in Docket No. 2:15-cv-310-GZS).  Laura Perry filed a Response in opposition to the Motion (ECF No. 288 in Docket No. 1:12-cv-229-GZS) and Tinkham and Alexander filed their Reply (ECF Nos. 292 & 293 in Docket No. 1:12-cv-229-GZS & ECF Nos. 36 & 37 in Docket No. 2:15-cv-310-GZS).

Having considered the parties' briefing and the long procedural history underlying this dispute, the Court concludes that consolidation of Docket No. 1:12-cv-229-GZS ("the 2012 case") and Docket No. 2:15-cv-310-GZS ("the 2015 case") is appropriate and reflects the most efficient

use of the resources of the Court and the parties. In accordance with Federal Rule of Civil Procedure 42(a), the Court readily finds that the 2012 case and the 2015 case involve common questions of law and fact. There are three common parties to both actions: Laura Perry, Peter Tinkham and Juliet Alexander. Both cases have the same factual nucleus: a family dispute regarding ownership of a cottage located in Weld, Maine. Only two claims remain in the 2012 case: (1) Laura Perry's claim for breach of promissory note and (2) Laura Perry's claim for breach of contract. Both claims seek to recover monies allegedly owed in connection with the purchase of the Weld Cottage by Alexander and Tinkham. These same claims are stated as part of the seven-count Amended Complaint in the 2015 case (ECF No. 13-5 in Docket No. 2:15-cv-310-GZS). In its May 5, 2015 Order, this Court indicated that it believed the proper procedural course for these two claims was that they should be pursued in connection with the related state foreclosure case, which is now before this Court as the 2015 case. (See May 5, 2015 Order (ECF No. 262) at 5-6.) In response to the Court's Order to Show Cause, Laura Perry acknowledged that she had stated claims for breach of contract and breach of promissory note in her state case because they were "ancillary to the foreclosure count." (See Laura Perry's response to Order to Show Cause (ECF No. 264) at 1.) Nonetheless, at that time, she objected to the Court dismissing without prejudice the claims that remained in the 2012 case on the basis that Juliet Alexander had avoided service in the state case. (See id.) The Court notes that Alexander has since been served, resolving that impediment to one consolidated action.

The Court acknowledges that Laura Perry objects to consolidation on the grounds that she would be prejudiced by any further delay in a trial of her two breach claims, noting that consolidation would "extend the trial date beyond her statistical life expectancy." (Laura Perry Response (ECF No. 288) at 3.) However, the Court notes that it was Laura Perry who agreed to

stay the 2012 case from June 9, 2015 through May 26, 2016 in favor of allowing a trial on the state foreclosure case to proceed first.  Additionally, the parties have sought delay of this case throughout the summer while pursuing judicially supervised settlement negotiations.  Given these delays, the 2012 case would be placed on this Court's November 2016 trial list.[1]  By comparison, the discovery deadline in the 2015 case is currently set for October 27, 2016, with an expected trial date in March 2017.  Upon passage of the discovery deadline in the 2015 case, if no party wished to file dispositive motions, the parties could jointly request that the case be immediately placed on the next available trial list, which could lead to this case being placed on the Court's January 2017 Civil Trial List.  In short, the trial list delay caused by consolidation will not delay trial nearly as long as the delays that have already occurred with Perry's consent.  Moreover, the Court does not believe the relatively short delay will sacrifice the interests of justice.  Thus, the Court believes any prejudice caused by the few months of delay in trial is far outweighed by the "savings of expense and gains of efficiency" that will result from consolidation.  See J.J.R. Distrib. Corp. v. Sandler Bros., No. 09-CV-210-P-S, 2009 WL 2382778, at *1 (D. Me. July 29, 2009) (quoting Hanson v. Dist. of Columbia, 257 F.R.D. 19, 21 (D.D.C. 2009).)

To the extent that the pending motion seeks correction of the Court's Order setting the 2012 case for a bench, rather than jury, trial, the Motion is MOOT as a result of the Court's decision to consolidate the 2012 case into the 2015 case.  In the Court's view, the issue of whether the parties have waived the right to a jury trial on one or more claims to be tried in the 2015 case is best resolved by the parties filing a renewed motion in the consolidated 2015 case.

Therefore, the Court now GRANTS IN PART the Motions to the extent they seek to consolidate these two pending cases.  The Court hereby ORDERS that the Clerk terminate the

---

[1] The Court notes that its current November trial calendar will likely be consumed by criminal trials, resulting in a December 2016 trial date for any civil case on the Court's November 2016 Civil Trial List.

2012 case and that Laura Perry may and shall pursue all claims remaining in the 2012 case as part of her claims in the 2015 case. To the extent the Motions seek additional relief, the Court declares those requests MOOT but notes that this ruling is without prejudice to any party filing an appropriate motion in the 2015 case regarding the right to a jury trial on any claim asserted in that case.

    SO ORDERED.

                                      /s/ George Z. Singal
                                      United States District Judge

Dated this 30th day of August, 2016.